# MORVILLO, ABRAMOWITZ, GRAND, IASON, ANELLO & BOHRER, P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO
LAWRENCE S. BADER
BARRY A. BOHRER
CATHERINE M. FOTI
PAUL R. GRAND
LAWRENCE IASON
STEPHEN M. JURIS
ROBERT G. MORVILLO
BARBARA MOSES*
JODI MISHER PEIKIN
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
JOHN J. TIGUE, JR.
CYRUS R. VANCE, JR.
RICHARD D. WEINBERG

COUNSEL
CHRISTOPHER J. MORVILLO
E. SCOTT MORVILLO
GREGORY MORVILLO

*ALSO ADMITTED IN CALIFORNIA AND D.C.
**ALSO ADMITTED IN CONNECTICUT

MICHAEL C. SILBERBERG
1940-2002

565 FIFTH AVENUE
NEW YORK, N.Y. 10017

TELEPHONE
(212) 856-9600

www.maglaw.com

FACSIMILE
(212) 856-9494

WRITER'S DIRECT DIAL

(212) 880-9540
bmoses@maglaw.com

JENNIFER L. ACHILLES
DAVID C. AUSTIN
LAWRENCE M. BARNES*
BENJAMIN S. FISCHER
ELIZABETH HAINES
JAMES V. HAYES****
RACHEL HEMANI
TIMOTHY M. HUDSON**
RENEE L. JARUSINSKY
JASMINE JUTEAU
THOMAS M. KEANE
RACHEL M. KORENBLAT
KRISTY WATSON MILKOV
ELLEN M. MURPHY
SARAH J. NORTH
CLAUDIO R. OCHOA***
JANEY ROUNTREE****
ASHLEY E. RUPP
ANDREW J. SCHELL
E. SCOTT SCHIRICK
MARYANNE SEXTON
KATHRYN M. SPOTA
DAVID STANKIEWICZ
JERROLD L. STEIGMAN
JAMES R. STOVALL
BARBARA L. TRENCHER
AMY M. TULLY
KEFIRA R. WILDERMAN

*ALSO ADMITTED IN N.J.
**ADMISSION PENDING
***ALSO ADMITTED IN WASHINGTON, D.C.
****ADMITTED IN ILLINOIS ONLY
†ALSO ADMITTED IN MASSACHUSETTS

October 24, 2007

**VIA FEDERAL EXPRESS**

Hon. Kenneth M. Karas
United States District Judge
United States District Court
 for the Southern District of New York
300 Quarropas Street, Room 533
White Plains, NY 10601

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

Re:  *Biofuels Operating Company, LLC v. Parsons & Whittemore Enterprises Corp.*, No. 07 Civ. 8712 (KMK)

Dear Judge Karas:

    This firm represents Parsons & Whittemore Enterprises Corporation ("P&W"), named as a defendant in the above-referenced declaratory judgment action. Pursuant to Part II.A of Your Honor's Individual Rules of Practice, P&W seeks a pre-motion conference prior to filing its motion, pursuant to 28 U.S.C. § 1404(a), to transfer this action to the United States District Court for the Southern District of Alabama.

    This action is a purely defensive suit, brought by a party with no affirmative claims against P&W, for the apparent purpose of securing what it believes to be a favorable forum for P&W's claims against it and others. Those claims arise out of a series of contracts, all made in Alabama and governed by Alabama law, concerning the development of a synthetic fuels plant in Alabama. With the exception of P&W, all of the parties to those contracts are Alabama entities, including the plaintiff herein, Biofuels Operating Company, LLC ("Biofuels"), and most of the key witnesses live or work in Alabama. Moreover, P&W's contract-and tort-based claims against Biofuels and four other defendants, all them organized or residing in Alabama, are already pending in the Southern District of Alabama, where the Hon. Callie V.S. Granade has scheduled a preliminary injunction hearing for November 14, 2007.

MORVILLO, ABRAMOWITZ, GRAND, IASON, ANELLO & BOHRER, P.C.

Hon. Kenneth M. Karas
October 24, 2007
Page 2

In its motion papers, P&W will demonstrate the following facts, none of which, we believe, can be seriously disputed:

P&W has substantial pulp and paper mill holdings, including large wood pulp mills in Alabama. In early 2007 P&W became interested in a new technology, developed by Alabama residents Jack and Allen Boykin, to produce synthetic fuels from wood fiber. After negotiations in Alabama with the Boykins, P&W entered into a series of contracts with two Alabama limited liability companies: Boykin Trust, LLC ("Boykin Trust"), which is wholly-owned by the Boykin family; and Boykin Trust's subsidiary Forest Energy Systems, LLC, now known as Cello Energy, LLC (for purposes of this letter, "FES"), which owns the synthetic fuels technology.

Pursuant to its contracts with Boykin Trust and FES, P&W invested $2.5 million towards the construction of a synthetic fuels plant in Bay Minette, Alabama, and obtained an option to purchase a 33-1/3% equity interest in FES for an additional $10 million. P&W also agreed to provide engineering and construction management services for the plant, as well as the raw materials – from trees and woody shrubs – needed to produce the fuel. Boykin Trust and FES, for their part, agreed to keep the technology, and the parties' contractual arrangements, confidential from third parties, and to treat P&W as its equity partner (even before P&W exercised its option). Further, to protect P&W's equity position, Boykin Trust and FES agreed not to pledge, sell or transfer any equity or ownership rights in FES without P&W's express consent. All of P&W's contracts with Boykin Trust and FES are governed by Alabama law.

In late July 2007, Jack Boykin proposed an arrangement with a well-known venture capital firm, Khosla Ventures Company ("Khosla Ventures"), under which Khosla Ventures would manufacture the fuel as an "agent" of FES. Jack Boykin acknowledged that such a transaction would require P&W's consent, which was never granted. On September 19, Jack Boykin presented P&W with an unsigned copy, for review, of a proposed Manufacturing and Financing Contract ("MFC") with Biofuels, which is a newly-formed Khosla Ventures affiliate organized as an Alabama limited liability company. P&W again refused its consent, pointing out (among other things) that the MFC required the dissemination of the confidential technology to Biofuels, and that it would, in effect, make Biofuels an equity partner in FES. On September 26 and 27, 2007, P&W's counsel wrote to Biofuels and FES, respectively, warning them that the proposed MFC would conflict with P&W's rights under its contracts with Boykin Trust and FES. The MFC, like every other contract at issue here, is governed by Alabama law.

Unbeknownst to P&W, FES and Biofuels had already executed the MFC. Allen Boykin signed the MFC for FES on September 12, 2007 – one week before his father Jack Boykin sent an unsigned copy to P&W for "review." FES and Biofuels kept this fact secret from P&W until October 10, 2007 – one day after Biofuels filed its declaratory judgment complaint in this Court.

The Biofuels complaint, as noted above, seeks no affirmative relief. Moreover, Biofuels

MORVILLO, ABRAMOWITZ, GRAND, IASON, ANELLO & BOHRER, P.C.

Hon. Kenneth M. Karas
October 24, 2007
Page 3

has not named Boykin Trust or FES, notwithstanding that they are indispensable parties, without whom the relative rights of P&W and Biofuels cannot be adjudicated.[1] Indeed, absent joinder of Boykin Trust and/or FES, many of the key documents and witnesses in this action – including Jack and Allen Boykin – would be beyond the subpoena power of this Court.

On October 16, 2007, less than one week after P&W discovered that FES and Biofuels had signed the MFC, P&W asserted contract- and tort-based claims against FES, Boykin Trust, the Boykins and Biofuels in the Southern District of Alabama. On October 18, P&W filed its preliminary injunction motion in that court. And on October 22, Chief Judge Granade scheduled that motion for a hearing at 9:00 a.m. on November 14, 2007.

As this Court noted in Ravenswood Inv. Co., LP v. Bishop Capital Corp., No. 04 Civ. 9266 (KMK), 2005 WL 236440, at *3 (S.D.N.Y. Feb. 1, 2005), "the core determination under § 1404(a) is the center of gravity of the litigation." (Internal quotation marks omitted.) Alabama is clearly the center of gravity of this litigation. It is also the most convenient forum for parties and witnesses alike; the forum best-versed in the applicable law; and the only forum which now has jurisdiction over all of the parties necessary to adjudicate the underlying dispute. Moreover, P&W is the "real plaintiff" in this action and as such entitled to its choice of forum – especially where, as here, an opposing party won the race to the courthouse (by a matter of days) through subterfuge. See Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Int'l Wire Group, Inc., No. 02 Civ. 10338 (SAS), 2003 WL 21277114, at *6 (S.D.N.Y. June 2, 2003).

We have asked Biofuels to dismiss its defensive action here and refile its declaratory judgment claims – if at all – as counterclaims in the Alabama action. If it refuses to do voluntarily, its claims should be transferred to Alabama pursuant to § 1404(a), where they can be consolidated with the P&W action already underway there.

We look forward to discussing these issues further, at Your Honor's earliest convenience, at a pre-motion conference.

Respectfully Submitted,

Barbara Moses

*The Court will hold a pre-motion conference on November 7, 2007 at 11:30*

SO ORDERED
KENNETH M. KARAS U.S.D.J.
10/31/07

cc:     David Bowker, Esq. (via Federal Express)

---

[1] The failure to name FES or Boykin Trust is particularly glaring given that, pursuant to the MFC, Biofuels has the right to control FES's defense to any claims asserted against it by P&W.